UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AISHA WOOTEN,

                        Plaintiff,

        -against-

ASCEND/ALKEM LABATORIES;
IBUEPROFEN MEDICATION,

                        Defendants.

1:22-CV-4477 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Aisha Wooten brings this *pro se* action invoking the Court's federal question jurisdiction, and alleging that she has suffered injuries after being given "outdated" ibuprofen while visiting an unidentified hospital's emergency room.[1] She seeks damages, and names as defendants: (1) "Ascend/Alkem Labatories," and (2) "Ibueprofen Medication." For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must refer to the name of a minor child by only using the child's initials. In her *in forma pauperis* ("IFP") application, Plaintiff reveals the full name of a minor child. In light of this, and in an abundance of caution, the Court has directed the Clerk of Court to limit access to Plaintiff's IFP application on the court's CM/ECF website to a "case participant-only" basis.

Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that she resides in Brooklyn, New York, and that the defendants are located in Parsippany, New Jersey, and in India. She does not, however, allege any facts showing that either: (1) pursuant to Section 1391(c) or (d), the defendants reside in the State of New York, and at least one defendant resides in this judicial district, or (2) any of the events or omissions give rise to her claims occurred within this judicial district.[3] Thus, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff alleges that, as a result of the defendants' actions or omissions, she continues to suffer injuries in Brooklyn, Kings County, New York, where she resides, which is within the Eastern District of

---

[2] With respect to a defendant that is a corporation:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] This judicial district, the Southern District of New York, is comprised of the following counties within the State of New York: (1) New York (Borough of Manhattan); (2) Bronx (Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

New York, *see* § 112(c), under Section 1391(b)(2), venue lies in the United States District Court for the Eastern District of New York. Accordingly, in the interest of justice, the Court transfers this action to the Eastern District of New York. *See* §§ 1391(b)(2), 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether a court should request *pro bono* counsel to represent Plaintiff in this action, are determinations to be made by the transferee court. (*See* ECF 1 & 3.) Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 2, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge